John DOE,[1] Plaintiff,

v.

The UNITED STATES, Defendant.

No. 01–576C.

United States Court of Federal Claims.

April 21, 2005.

1. Plaintiff's name, the identity of his counsel, and certain factual details have been omitted to protect their identities.

Elizabeth Thomas and Sonia Orfield, United States Department of Justice, Civil Division Commercial Litigation Branch, counsel for defendant.

## MEMORANDUM OPINION AND FINAL ORDER REGARDING MOIETY PAYMENT CLAIM

BRADEN, Judge.

On July 30, 2004, the court issued a Memorandum Opinion and Order in *John Doe v. United States*, 61 Fed.Cl. 453 (2004), wherein the court determined that the moiety offer by the United States Customs Service ("Customs") was "procedurally defective and unsupported by evidence in the record" and ordered the defendant ("Government") to submit "an independent certified accounting of the net value of all seven seizures identified by plaintiff's moiety application and any other seizures that were part of the overall operation, but not considered in the calculating of plaintiff's initial moiety offer." *Id.* at 458. On February 24, 2005, the Government filed a Certified Accounting ("Gov't Acct."), conducted by the Regulatory Audit Division, United States Bureau of Customs and Border Protection. Pursuant to the Government Accounting, this Memorandum Opinion and Final Order awards plaintiff a moiety payment of $4,377.47.

## GENERAL BACKGROUND AND CERTIFIED ACCOUNTING

On June 1, 1998, plaintiff provided Customs with information regarding a customer that purchased a large quantity of spoiled produce for use in the transportation of illegal drugs. *See John Doe,* 61 Fed.Cl. at 454; *see also* Gov't Acct. at 2. Customs used plaintiff's information to initiate a drug investigation, under the code name "Operation Gordo." *See* Gov't Acct. Ex. at 1. During "Operation Gordo," Customs conducted a total of eight seizures. *Id.; see also id.* at 4–5. Pursuant to 19 U.S.C. § 1619, the Secretary of the Treasury ("Secretary") assigned moiety to the plaintiff for the first two seizures in "Operation Gordo" that occurred within days of plaintiff's contact with Customs. *See* Gov't Acct. at 2.

Two general categories of property were seized during "Operation Gordo:" property seized and forfeited by Customs and property seized by Customs, but forfeited by other agencies. *Id.* at 3. Customs forfeited property from five of the eight seizures. *Id.* at 4. In the other three seizures, other law enforcement agencies forfeited the property. *Id.* at 5; *see also* 31 U.S.C. § 9703(h)(1)(B) (allowing Customs to transfer assets to any agency that assists in the seizure of property). All of the property from the first two seizures, which the Secretary approved for moiety, was forfeited by Customs. *See* Gov't Acct. at 1.

The law provides that if an informant gives information that leads to the forfeiture of

property, he or she may recover "an amount that does not exceed twenty-five percent of the net amount so recovered." *See* 19 U.S.C. § 1619(a). In this case, to determine the moiety award, the Government Accounting first calculated the moiety base, which is the total property value from which the informant's moiety payment can be calculated. *See* Gov't Acct. Ex. at 3. In order to determine this amount, either the appraised value of the seized property or the actual price from the sale of the property was used, as provided by import and seized property specialists. *Id.* If Customs held property as evidence, the Government Accounting did not include this in the moiety base because the property was not forfeited. *Id.; see also* 19 U.S.C. § 1619(b) (allowing the Secretary to award moiety only for the value of "forfeited property").

In addition, three types of costs were incurred by Customs in disposing of the property seized during "Operation Gordo:" advertising, storage and asset sharing costs. *See* Gov't Acct. Ex. at 4. The Government Accounting provided two separate calculations to determine the moiety base: (1) one that deducted all of the costs incurred by Customs in the disposition of seized property and (2) one that did not deduct the expenses incurred by Customs. *Id.* at 3.

The following chart summarizes the auditor's moiety calculations for the five "Operation Gordo" seizures where Customs forfeited seized property:

### Property Seized and Forfeited by Customs

| Seizure Numbers | Date of Seizure | Moiety Base without deductions | Moiety Base with deductions for advertising, storage and asset sharing |
|---|---|---|---|
| 1998SZ002997601 | 06/03/1998 | $9,975.00 | $7,931.66 |
| 1998SZ003000401 | 06/04/1998 | $15,500.00 | $9,578.19 |
| 2000SZ000397901 | 10/27/1999 | $174,272.38 | $167,722.87 |
| 2002SZ002335501 | 03/06/2002 | $0.00 | $0.00 |
| 2003SZ000888901 | 12/06/2002 | $0.00 | $0.00 |
| Maximum Moiety Base | | $199,747.38 | $185,232.72 |

*Id.* at 4.

The following chart summarizes the three "Operation Gordo" seizures where other agencies forfeited the seized property:

### Property Seized By Customs, But Forfeited By Other Agencies

| Seizure Numbers | Date of Seizure | Moiety Base without deductions | Moiety Base with deductions for storage and administrative cost |
|---|---|---|---|
| 1999SZ005958201 | 10/12/1998 | $59,000.00 | $59,000.00 |
| 1999SZ005958001 | 08/12/1999 | $108,000.00 | $104,023.76 |
| 2002SA000553801 | 03/01/2002 | $19,000.00 | $18,715.00 |
| Maximum Moiety Base | | $186,000.00 | $181,738.76 |

*Id.* at 5.

## DISCUSSION

### A. The Secretary's Decision To Award Plaintiff Moiety Payments Only For Two Of The Eight "Operation Gordo" Seizures Was Not Arbitrary Or Capricious.

■ The United States Court of Appeals for the Federal Circuit has held that the standard of review in a moiety case is similar to that under the Administrative Procedure Act. *See Doe v. United States,* 100 F.3d 1576, 1583 (Fed.Cir.1996) ("[A] decision of the Treasury to deny an award will be upheld unless it is arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, procedurally defective, or unsupported by evidence in the record."). When reviewing Customs' moiety determinations, the court "must afford [them] considerable deference and disturb them only when they are based on fact findings not supported by the record or an incorrect interpretation of the applicable law, or are 'so ridiculously low as to constitute an affront to congressional intent.'" *Id.; see also Co–Steel Raritan, Inc. v. ITC,* 357 F.3d 1294 (Fed.Cir.2004) (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 416, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971)) (holding that "a court is not empowered to substitute its judgement for that of the agency.").

■ As a matter of law, the United States may pay up to twenty-five percent of a net amount recovered, up to $250,000, to a person who provides "original information" concerning a violation of the customs laws, which leads to forfeiture of property. *See* 19 U.S.C. § 1619. In this case, of the eight seizures conducted in "Operation Gordo," the Secretary awarded plaintiff moiety payments for the first two seizures, that occurred within days of receiving information from the plaintiff. *See* Gov't Acct. at 2. According to the Secretary, these two seizures were "derived directly" from plaintiff's information. *Id.* The six seizures that occurred thereafter, however, required an "extensive multi-state, multi-agency task force investigation, utiliz-

ing information from numerous citizens and inside informants." *Id.* Therefore, they "were only made possible by various intervening factors" and were not derived directly from plaintiff's information. *Id.* For these reasons, the Secretary's decision to award plaintiff with moiety payments for the first two seizures, as a matter of law, was not arbitrary or capricious. *See Doe,* 100 F.3d at 1583 (holding that a moiety award will be upheld "unless it is arbitrary [or] capricious"). Accordingly, it is not necessary for the court to determine whether property seized by Customs and forfeited by other law enforcement agencies should be added to the moiety base.

### B. Customs' Deduction Of the Costs Of The Disposition Of Seized Property From The "Net Amount" Of Forfeited Property Is Permissible.

■ Review of an agency's interpretation of a statute is conducted under the framework set forth by the United States Supreme Court in *Chevron U.S.A., Inc. v. NRDC,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). *See SNR Roulements v. United States,* 402 F.3d 1358 (Fed.Cir.2005). In conducting a *Chevron* analysis:

> First, a court considers whether Congress has directly spoken to the precise question at issue. If so, all that remains is for a court to ensure that the agency gives effect to the unambiguously expressed intent of Congress. Second, however, if Congress has not directly spoken to the precise question at issue, making the statute silent or ambiguous with respect to the specific issue, a court considers whether the agency's interpretation is a permissible construction of the statute.

*Id.* at 1361 (quoting *Chevron,* 467 U.S. at 842–43, 104 S.Ct. 2778). Since Congress has not spoken directly on the issue of whether "net amount" in 19 U.S.C. § 1619(a) includes costs incurred by Customs in the disposition of seized property, the court must determine whether Customs' interpretation of "net

188

amount" is a "permissible construction of the statute."

The Government argues that all of the costs incurred by Customs in the disposition of seized property should be deducted from the moiety base. *See* Gov't Acct. at 3. In the two seizures in which the Secretary granted moiety, Customs incurred at least advertising and storage costs. *See* Gov't Acct. Ex. at 4.[2] Pursuant to 19 U.S.C. § 1607(a),[3] Customs is required to publish a notice of any seized property. During "Operation Gordo," Customs placed ads in newspapers notifying the public of seizures prior to forfeiting the seized merchandise. *Id.* at 4. Customs is also required by 19 U.S.C. § 1605[4] to store seized property. During "Operation Gordo," Customs incurred storage charges from EG & G Technical Services, Inc. for storage of the seized property. *Id.*

Because the advertising and storage costs decreased the overall value of the forfeitures, it was reasonable for Customs to deduct those costs from the moiety base. Therefore, Customs' interpretation of "net amount" as not including costs incurred during the disposition of seized property is a permissible construction of 19 U.S.C. § 1619(a).

For these reasons, the court awards plaintiff the following moiety payments under 19 U.S.C. § 1619:

| Seizure Number | Date of Seizure | Moiety Amount | |
|---|---|---|---|
| 1998SZ002997601 | 06/03/1998 | $1,982.92 | (25%) |
| 1998SZ003000401 | 06/04/1998 | $2,394.55 | (25%) |
| Total: | | $4,377.47 | |

2. It is not clear from the Certified Accounting whether Customs incurred asset sharing costs during these two seizures, however, it did not transfer any seized property to other law enforcement agencies. *See* Gov't Acct. Ex. at 4.

3. 19 U.S.C. § 1607(a) provides that when Customs seizes property used in illegal activities,

the appropriate customs officer shall cause a notice of the seizure of such articles and the intention to forfeit and sell or otherwise dispose of the same according to law to be published for at least three successive weeks in such manner as the Secretary of the Treasury may direct. Written notice of seizure together with information on the applicable procedures

CONCLUSION

The Clerk of the Court is directed to enter judgment in favor of plaintiff consistent with this opinion in the amount of $4,377.47.

**IT IS SO ORDERED.**

shall be sent to each party who appears to have an interest in the seized article.

4. 19 U.S.C. § 1605 provides that:

Pending such disposition, the property shall be stored in such place as, in the customs officer's opinion, is most convenient and appropriate with due regard to the expense involved, whether or not the place of storage is within the judicial district or the customs collection district in which the property was seized; and storage of the property outside the judicial district or customs collection district in which it was seized shall in no way affect the jurisdiction of the court which would otherwise have jurisdiction over such property.